UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMOUNT M. SAPP,

        Plaintiff,                                  Case Number 2:17-cv-13691

v.                                                  Honorable Nancy G. Edmunds

UNTIED STATES OF AMERICA, et al.,

        Defendants.
_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Lamount M. Sapp, a federal inmate incarcerated at the Federal Correctional Institution in Glenville, West Virginia, has filed a *pro se* complaint pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b). The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

### I. Background

The complaint does not contain allegations regarding the district in which Plaintiff was convicted or the nature of the charges. He does allege, however, that he has been in federal custody since July 24, 2014, and that he was sentenced to a term of 24 months. Dkt. 1, 1-2. At the time of filing his complaint, Plaintiff alleges that he has served more than twice his sentence. As a result, he asserts that he is being falsely imprisoned by four named Defendants who refuse to order his release: United States of America, United States Department of Justice, Federal Bureau of Prisons - Designation and Sentence Computation Center, and the United States Marshal Service - Eastern

District of Michigan. He seeks $2,000,000 in damages. For what it is worth, the Bureau of Prison website indicates that Plaintiff's release date is June 29, 2022.

## II. Standard

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. Discussion

Plaintiff alleges that he is being falsely imprisoned by Defendants because he is being kept in custody beyond the expiration of his federal sentence. Plaintiff's complaint is barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a prisoner may not file a civil suit for damages or equitable relief if a ruling on his claims would render a conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question

2

by the issuance of a writ of habeas corpus. *Id.* at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Relying on the teachings of *Heck*, the Ninth Circuit held in *Erlin v. United States*, 364 F.3d 1127 (9th Cir. 2004), that a claim under the Federal Tort Claims Act (FTCA) for negligent miscalculation of a release date did not accrue until the prisoner obtained a writ of habeas corpus:

> Even though the action is for miscalculation of the release date, we conclude that the cause of action did not accrue when the Parole Commission made the miscalculation. The reason is that one more thing had to happen before Erlin had a claim for the miscalculation. He had to prevail in a habeas case establishing that he was entitled to release. So long as he was incarcerated, a judgment for damages for the miscalculation would necessarily imply that he was wrongfully imprisoned. Thus, the cause of action could not accrue until he won a writ of habeas corpus. Erlin filed his claim within two years of the issuance of the writ, so his action was timely.

Id., 364 F.3d at 1130–1131.

Thus, the reasoning of *Heck* and *Erlin* dictate that Plaintiff's wrongful imprisonment claim stemming from the alleged miscalculation of his release date cannot accrue until he obtains a ruling on petition for writ of habeas corpus that his sentence has expired.

## IV. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

3

**SO ORDERED.**

Dated: 11-27-17

Nancy Edmunds
Nancy G. Edmunds
United States District Court